Reese, J.
delivered the opinion of the court.
The Branch Bank of the State of Tennessee was 'the holder of a promissory note, payable at said bank, made by James H. Jenkins, to Anthony Dibrell, and endorsed in the following order: A. Dibrell, S. Turney, and Jno. W. Simpson. Turney’s residence is within one mile of the Bank at Sparta, so known to be to the Bank and to all the other parties to the note. The note was legally due on the 1st day of February, 1843, that being the third day of grace. It was on that day protested. On the 2nd day of February no notice of the protest for the nonpayment of the note was either served upon Turney personally or left at his residence. He had notice from the Bank, the holder, on the 3rd day of February. John W. Simpson, the plaintiff, the immediate endorser of Turney, gave him no notice whatever.
These facts being specially found by. the jury in the case, the Circuit Court gave judgment for Turney, and the plaintiff has appealed in error to this court.
It is not insisted for the plaintiff here, that the notice of the Bank to Turney, the only notice he received, was in time. But it íá urged, that if Simpson had given him notice on the day he received notice from the Bank, such notice would have been good; and that is certainly so: and the plaintiff further insists, that the notice given by the Bank shall inure to his benefit. If the notice had been in time and valid, it would by law have inured to his benefit, he being an inter-) mediate party. But a notice of no benefit to the Bank, because! not fixing the liability of the party notified, cannot inure to the j *420 r benefit of another. So to hold, would be to introduce a new principle into the law merchant. Suppose there were ten endorsers upon a note: if the holder ten days after the protest gave-notice to the first endorser, this, according to the argument, would fix all the endorsers, for it would be just the time necessary to them to have given notice to each other successively.
It is perhaps a universal principle, where substitution exists pt all, that the matter or thing to be substituted to must be valid and effective in behalf of the principal; if it be ineffectual in his behalf, it is difficult to see how it can inure to the benefit of others.
Upon the direct question raised in this case, Baily on Bills expressly says: “Nor is it any excuse, that there are several intervening parties between him' who gives the notice and the defendant to whom it is given; and if the notice had been communicated through those intervening parties and each had tafeen the time the law allows, the defendant would not have had the notice the sooner.”
The same principle is also decided in the case of Turner vs. Leech, 4 Barnwall and Alderson, 454. 451
We have been referred by the plaintiff, to what has been said by this court in the case of McNeil vs. Wyatt, 3 Humphreys, 128. The Banfe at Lagrange in that case gave notice to one Glover on the 14th to be served on Wyatt & McNeil. Wyatt was served on the 14th, and McNeil on the 15th. But Glover proved in the Circuit Court, that he • was the general agent of Wyatt, to serve notices for' him when his name was on paper. And the Circuit Court left it to the jury to say, whether Glover-, who-served the notice, was not Wyatt’s agent as well as the agent of the Bank; and if he was, then the notice to McNeil on the 15th, one day after Wyatt received notice, was sufficient.
This court held, that there was not any error in this part of the charge; and placing the validity of the notice, as this court did, upon that special ground, is a distinct recognition of the general principle maintained by us in this case.
Upon the whole, we affirm the judgment.